JURY FEE PAID
THIS DATE:

BY: JAN 14 2009

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUN



HALL, TEGRA v LSG SKY CHEFS INC ,
Hon. Michael F Sapala          01/14/2009

09-001041-CZ

TEGRA HALL,

　　　　Plaintiff,

v.                                                    CASE NO. 09 - CZ
                                                      HON.

LSG SKY CHEFS, INC., MIKE DARVITZ,
DERRICK TAYLOR, TONY HINES,
DARRIN CUSSIN, TRACY STELLE,
ERIC COLEMAN, JUSTIN LATHEM,
DEXTER THOMAS, JOSE VENEGAS,
and KAREN DAMEROW,

　　　　Defendants.

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK

JAN 14 2009

BY _____

CHRISTOPHER TRAINOR & ASSOCIATES
**CHRISTOPHER J. TRAINOR (P42449)**
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND DEMAND FOR JURY TRIAL

　　　　Plaintiff TEGRA HALL, by and through her attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, for her Complaint and Demand for Jury Trial, states:

## GENERAL FACTS AND ALLEGATIONS

1.　　Plaintiff TEGRA HALL is a resident of the City of Detroit, in the Eastern District of

　　　　the State of Michigan, and at all relevant times Plaintiff was an employee of

　　　　Defendant LSG SKY CHEFS, INC.

2.　　Defendant LSG SKY CHEFS, INC. (hereinafter "SKY CHEFS") is a foreign profit

1

corporation, organized under the laws of the State of Delaware, and conducting business in the County of Wayne, State of Michigan.

3.    Defendant MIKE DARVITZ (hereinafter Defendant DARVITZ), conducting business in the Eastern District of the State of Michigan, and at all relevant times has been Plaintiff's supervisor with power and control over the terms and conditions of Plaintiff's employment, including but not limited to termination.

4.    Defendant KAREN DAMEROW (hereinafter Defendant DAMEROW) is the Human Resources Manager conducting business in the Eastern District of the State of Michigan, and at all relevant times has been Plaintiff's supervisor with power and control over the terms and conditions of Plaintiff's employment, including but not limited to termination.

5.    Defendants, conducting business in the Eastern District of the State of Michigan, at all relevant times had been Plaintiff's supervisors and/or co-workers with power and control over the terms and conditions of Plaintiff's employment, including but not limited to termination.

6.    The actions that give rise to this cause of action occurred in the City of Detroit, County of Wayne, State of Michigan.

7.    The amount in controversy, exclusive of interest and attorney fees, exceeds Twenty-Five Thousand (**$25,000.00**) Dollars.

8.    Plaintiff has filed two charges of discrimination with the Equal Employment Opportunity Commission and received right-to-sue notices on or about December 30, 2008 for both charges. (Exhibit A).

## FACTUAL ALLEGATIONS

9.     Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

10.    Plaintiff began working for Defendant SKY CHEFS in or about May of 2005.

11.    Plaintiff worked as a Utility Worker.

12.    Plaintiff is female.

13.    Plaintiff was submitted to sexual harassment on numerous occasions during the course of her employment, due to her gender, including but not limited to offensive, inappropriate, and unwelcome sexual comments about her breasts and/or buttocks, touching of her buttocks, requests for sexual favors, and comments about her dress.

14.    Plaintiff complained to her supervisors about the sexual harassment, hostile work environment, retaliation, retaliatory harassment, physical abuse, derogatory name-calling, and discrimination that she had to endure.

15.    Plaintiff was also submitted to derogatory comments regarding her race and the color of her skin.

16.    Plaintiff sustained harassment and derogatory comments because she is a devoted member of the Christian religion.

17.    On or about September 25, 2006, Plaintiff's co-worker Defendant VENEGAS repeatedly rammed carts into Plaintiff, while her supervisors Defendants DARVITZ and COLEMAN looked on and did nothing to stop and prevent such behavior.

18.    In or around February of 2007, Plaintiff made a claim for Workers' Compensation benefits due to a workplace injury, which included shoulder pain and a second degree

3

burn on her forearm, due to a co-worker negligently, if not deliberately, shoving a cart into the back of her legs that caused her to fall forward into the dishwashing machine, smash into a bucket, and sustain the burns on her arm from scalding water.

19.     Due to a workplace injury of bursitis in her left elbow, Plaintiff was on a medical leave from June of 2007 through September 9, 2007.

20.     In or around the time of her injury in June of 2007, Plaintiff made a claim for Workers' Compensation benefits due to the injury in her left elbow.

21.     Upon her return to work on or about September 9, 2007, Plain          ed to frequent and ongoing harassment.

22.     On or about October 29, 2007, Defendant                          Plaintiff with bodily harm and pretended to be shooting guns at her while calling Plaintiff derogatory names.

23.     On or about October 31, 2007, Plaintiff          complaint against          nt SK CHEFS with the Michigan Department of Civil Rights ("MDCR") and Equal Employment Opportunity Commission ("EEOC").

24.     On or about November 1, 2007, Defendants received actual and/or constructive notice that Plaintiff had filed a complaint with the MDCR and EEOC.

25.     On or about November 12, 2007, Plaintiff was suspended for a false and pretextual reason in retaliation for her complaints.

26.     On or about November 30, 2007, Defendants terminated Plaintiff's employment.

27.     Plaintiff filed a grievance with her Union and exhausted union procedures regarding her termination from Defendant SKY CHEFS.

4

28.     Defendant SKY CHEFS misrepresented to Plaintiff's Union that it had several witnesses to her alleged misconduct, which was a complete fabrication.

## COUNT I, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), SEXUAL HARASSMENT-- HOSTILE WORK ENVIRONMENT

29.     Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

30.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title VII by Defendant SKY CHEFS. All conditions precedent to the institution of this lawsuit have been fulfilled.

31.     Since at least April of 2006, Defendant SKY CHEFS has engaged in unlawful employment practices in violation of Section 703(a) and Section 704, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), including but not limited to subjecting Plaintiff to sexual harassment, a sexually hostile work environment.

32.     Plaintiff is female, a protected class under Title VII.

33.     Plaintiff was qualified for her position at Defendant SKY CHEFS.

34.     Plaintiff was subjected to unwelcome sexual communication, conduct, and other harassment from Defendant and its employees, agents and/or servants.

35.     Plaintiff's gender was a motivating factor in unwanted sexual advances, harassment, communication, comments, and/or conduct.

36.     Plaintiff suffered an adverse employment action by being forced to miss work due to the constant sexual harassment and hostile work environment and was subsequently terminated.

5

37.   The harassment had, and was intended to have, the effect of unreasonably and substantially interfering with her work environment.

38.   Furthermore, the unwelcome sexual harassment, conduct, and communication created for Plaintiff an intimidating, hostile, and/or offensive work environment.

39.   Defendant SKY CHEFS had notice of the harassment of Plaintiff and is liable under *respondeat superior*.

40.   Defendants took no action to stop the unwelcome, pervasive sexual harassment, communication and/or conduct from occurring.

41.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

   **WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

   **COUNT II,  VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS
   ACT, MCL 37.2101 –SEXUAL HARASSMENT--HOSTILE WORK ENVIRONMENT**

42.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

6

43.  Plaintiff is female, a protected class under Elliott-Larsen Civil Rights Act (ELCRA).

44.  Plaintiff was qualified for her position at Defendant SKY CHEFS.

45.  Plaintiff was subjected to unwelcome sexual communication, conduct, and other harassment from Defendants, and its employees, agents and/or servants.

46.  Plaintiff's gender was a motivating factor in unwanted sexual advances, harassment, communication, comments, and/or conduct.

47.  Plaintiff suffered an adverse employment action by being forced to miss work due to the constant sexual harassment and hostile work environment and was subsequently terminated.

48.  The harassment had, and was intended to i..                              ..bly and substantially interfering with her work environment.

49.  Furthermore, the unwelcome sexual harassment, co.. '..ct and c       ..nication creat.. for Plaintiff an intimidating, hostile, and/or off..       .. w

50.  Defendant SKY CHEFS had notice of Plaintiff's harassment and is liable under *respondeat superior*.

51.  Defendants took no action to stop the unwelcome, pervasive sexual harassment, communication and/or conduct from occurring.

52.  As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT III, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), SEXUAL DISCRIMINATION—DISPARATE TREATMENT

53.  Plaintiff incorporates by reference, and re-alleges herein, all all made elsewhere in this complaint as if they were restated herein word-for-word.

54.  At all times relevant herein, Defendant meaning of Title VII of the Civil Rights Act of 1964, (Title VII) as amended.

55.  Plaintiff is a woman, a protected class under Title VII.

56.  Plaintiff suffered adverse employment actions limited to retaliation, denial of opportunities, benefits and advantageous terms and conditions of employment, and termination of her employment.

57.  Plaintiff's gender was a motivating factor in Defendant's decision to subject her to discrimination and retaliation as alleged in this Complaint.

58.  Plaintiff was qualified for her job.

59.  Plaintiff was treated differently from similarly situated male employees.

60.  The Defendant, by and through its agents, officers and employees, acted with malice and/or reckless disregard for Plaintiff's rights.

61.  Plaintiff is entitled to punitive damages.

62.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and                    lary damages, for damages so wrongfully sustained, along with an                    may be entitled in law and equity.

### COUNT IV, VIOLATION OF MICHIGAN ELLIOTT-LARSE                CIVIL RIGHTS ACT, MCL 37.2101 –SEXUAL DISCRIMINATION—DI PAR

63.     Plaintiff incorporates by reference, and re-                here            allegations made elsewhere in this complaint as if they were restated herein word-for-word.

64.     Plaintiff is female, a protected class under Elliott-Larse          il P hts Act (ELCRA).

65.     Plaintiff was qualified for her position at Defendant SKY CHEFS.

66.     During her employment, Plaintiff suffered adverse employment actions, including but not limited to retaliation, denial of opportunities, benefits and advantageous terms and conditions of employment, and termination of her employment.

67.     Plaintiff's gender was a motivating factor in Defendants' adverse employment actions against her.

68.     Plaintiff was treated differently than similarly situated male employees.

9

69.   Plaintiff's gender was a motivating factor in Defendants' behavior and Plaintiff's suffering an adverse employment action.

70.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT V, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), RACE DISCRIMINATION-- HOSTILE WORK ENVIRONMENT

71.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

72.   Defendants' adverse employment actions, specifically including but not limited to retaliation, unfair and discriminatory investigations and discipline, subjected Plaintiff to a hostile work environment based on Plaintiff's race, and ultimately led her employment to be terminated by Defendants.

73.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT VI, VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 –RACE DISCRIMINATION—HOSTILE WORK ENVIRONMENT

74.     Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

75.     Defendants' adverse employment actions, specifically including but not limited to retaliation, unfair and discriminatory investigations and discipline, subjected Plaintiff to a hostile work environment based on Plaintiff's race, and ultimately led her employment to be terminated by Defendants.

76.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of

reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

### COUNT VII, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), RACE DISCRIMINATION—DISPARATE TREATMENT

77.  Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

78.  This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, *et seq.*

79.  Plaintiff's race was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described in this complaint.

80.  Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

81.  Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

82.  If Plaintiff had been of a different race, she would not have been treated in the manner described.

12

83.    As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT VIII, VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 –RACE DISCRIMINATION—DISPARATE TREATMENT

84.    Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

85.    Plaintiff is an African American female, a protected class under the Michigan Elliot-Larsen Civil Rights Act.

86.    During Plaintiff's employment, Defendants treated Plaintiff differently than her similarly situated white co-workers.

87.    Plaintiff's race was a motivating factor in Defendants' improper treatment of Plaintiff and her subsequent termination.

88.    Similarly situated white employees were not subjected to the same negative, hostile,

offensive, and discriminatory treatment as Plaintiff.

89.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT IX, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), RELIGIOUS DISCRIMINATION-- HOSTILE WORK ENVIRONMENT

90.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

91.   Defendants' adverse employment actions, specifically including but not limited to retaliation, unfair and discriminatory investigations and discipline, subjected Plaintiff to a hostile work environment based on Plaintiff's religion, and ultimately led her employment to be terminated by Defendants.

92.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to,

14

potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT X,  VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 –RELIGIOUS DISCRIMINATION—HOSTILE WORK ENVIRONMENT

93.     Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

94.     Defendants' adverse employment actions, specifically including but not limited to retaliation, unfair and discriminatory investigations and discipline, subjected Plaintiff to a hostile work environment based on Plaintiff's religion, and ultimately led her employment to be terminated by Defendants.

95.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

15

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT XI, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), RELIGIOUS DISCRIMINATION—DISPARATE TREATMENT

96.    Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

97.    Plaintiff is a faithful Christian female, a protected class under Title VII of the Civil Rights Act of 1964.

98.    This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, *et seq*.

99.    Plaintiff's faith and/or religion was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described in this complaint.

100.    Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of faith and/or religion and acted in accordance with that predisposition.

101.    Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

102.   If Plaintiff had been of a different faith and/or religion, she would not have been treated in the manner described.

103.   Similarly situated workers not members of the protected class were not subjected to the same negative, hostile, offensive, and discriminatory treatment as Plaintiff.

104.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT XII, VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 –RELIGIOUS DISCRIMINATION—DISPARATE TREATMENT

105.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

106.   Plaintiff is a faithful Christian female, a protected class under the Michigan Elliot-Larsen Civil Rights Act.

107.   During Plaintiff's employment, Defendants treated Plaintiff differently than her

similarly situated white co-workers.

108.   Plaintiff's religion was a motivating factor in Defendants' improper treatment of Plaintiff and her subsequent termination.

109.   Similarly situated employees not members of the protected class were not subjected to the same negative, hostile, offensive, and discriminatory treatment as Plaintiff.

110.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT XIII, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2(a), RETALIATION FOR PROTECTED ACTIVITY

111.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

112.   Plaintiff opposed Defendants' violations of Title VII.

113.   Plaintiff informed Defendants that she was opposed to the violations of Title VII.

18

114.   Plaintiff's opposition was a significant factor in Defendants' decision to subsequently harass and make false allegations against Plaintiff.

115.   Plaintiff's exercise of her civil rights was a direct and proximate cause of Defendants' adverse employment actions.

116.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotio... distress; physical distress; and loss of the ordinary pleasures of life

**WHEREFORE,** Plaintiff requests that this Honorable Court en... ... ...

SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand ...rs, ...ong with interest and costs, reasonable attorney fees, and pun... ...emplary d...es damages so wrongfully sustained, along with any other reli... ...o w... .Ri... ... ...ed in law and equity.

## COUNT XIV, VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 –RETALIATION FOR PROTECTED ACTIVITY

117.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

118.   Plaintiff opposed Defendants' violations of ELCRA.

119.   Plaintiff informed Defendants that she was opposed to the violations of ELCRA.

19

120. Plaintiff's opposition was a significant factor in Defendants' decision to subsequently harass and make false allegations against Plaintiff.

121. Plaintiff's exercise of her civil rights was a direct and proximate cause of Defendants' adverse employment actions.

122. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT XV, VIOLATION OF MCL § 418.301(11)—WORKERS' COMPENSATION RETALIATION

123. Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

124. At all material times, Plaintiff was an employee of Defendant SKY CHEFS, covered by and within the meaning of Mich. Comp. Laws § 418.301(11).

125. After she was injured at work, Plaintiff filed a workmans' compensation insurance claim.

126.    Shortly after she filed her workmans' compensation insurance claim, the harassment, discrimination, and treatment of Plaintiff grew worse until her wrongful termination.

127.    The conduct of Defendant employer, and the individual Defendants in threatening, disciplining, terminating and/or otherwise retaliating against Plaintiff for filing a workmans' compensation claim is a violation of MCLA § 418.301.

128.    As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages.

129.    As a further consequence of Defendants' conduct, Plaintiff has a viable claim for compensatory and punitive damages, together with costs, interest and attorney fees.

130.    As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled in law and equity.

## COUNT XVI, RETALIATION FOR ASSERTING RIGHTS
## UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA), 29 USC § 2601, ET SEQ

131.    Plaintiff incorporates by reference, and re-alleges herein, all allegations made

elsewhere in this complaint as if they were restated herein word-for-word.

132.    At all relevant times, Defendant SKY CHEFS employed the requisite number of employees under the FMLA to be subject to its provisions.

133.    Plaintiff had attained the required year of employment and the required numbers of hours worked to be eligible for FMLA coverage and was otherwise eligible for FMLA coverage due to a serious medical condition.

134.    Defendants fired Plaintiff in retaliation for asserting her rights to medical leave as stated in the FMLA.

135.    As a direct and proximate result of Defendant's unlawful actions against Plaintiff, described, Plaintiff has suffered injuries and damages, including, potential loss of earnings and earning capacity; loss of opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant SKY CHEFS for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT XVII,  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

136.    Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

137.    Plaintiff was repeatedly rammed with carts Defendant VENEGAS while her supervisors Defendants DARVITZ and COLEMAN looked on and did nothing to stop and prevent such behavior.

138.    Plaintiff was subjected to harassment, discrimination, unfair and unwarranted discipline, and retaliation.

139.    The actions against Plaintiff were taken deliberately and with the intention of bringing about the contemplated results.

140.    The conduct of Defendants was extreme and outrageous.

141.    As a direct and proximate result of Defendants' extreme and outrageous actions against the Plaintiff, she suffered physical injury and severe emotional distress.

142.    Plaintiff suffers from severe emotional distress.

143.    As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; physical distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendants for an amount in excess of Twenty-Five ($25,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:

CHRISTOPHER J. TRAINOR (P42449)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
Robin.woodhull@cjtrainor.com

Dated: January 14, 2009
CJT/mkb

24