UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEGRA HALL,

    Plaintiff,                                    Case No. 09-10637

v.                                                Hon. Gerald E. Rosen

SKY CHEFS, INC., *et al.*,

    Defendants.
_____/

## ORDER AWARDING RULE 11 SANCTIONS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 19, 2011

PRESENT:  Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

By opinion and order dated March 22, 2011, the Court granted a summary judgment motion brought by Defendant Sky Chefs, Inc. and four of the ten individual Defendants named in Plaintiff's complaint. As observed in this March 22 ruling, the Court had cautioned Plaintiff and her counsel at the outset of this case that it would "closely and carefully monitor the status of Plaintiff's claims throughout this case to ensure that each claim against each named party is viable and comports with the standards of Fed. R. Civ. P. 11(b)." (3/22/2011 Op. at 34 (quoting 6/3/2009 Order at 1 n.1).) In its March 22 opinion, however, the Court determined that Plaintiff and her counsel had failed to heed this warning, and instead had "continued to pursue claims" against

Defendant Karen Damerow "after they knew or should have known that they lacked merit." (3/22/2011 Op. at 34-35.)  Accordingly, the moving Defendants were directed to submit a statement of the attorney fees they incurred in preparing and filing their summary judgment motion, and the Court stated that it would "then determine an appropriate percentage of these fees to be paid by Plaintiff's counsel to Defendants as a sanction for counsel's violation of Fed. R. Civ. P. 11(b)(2)-(3)."  (*Id.* at 35.)

In a submission filed on April 4, 2011, counsel for the moving Defendants state that they devoted 41.3 hours to the preparation of a summary judgment motion, a brief in support of this motion, and a reply brief in further support of this motion.  Defense counsel further state that if this work had been billed at counsel's standard rates, the resulting attorney fees would have totaled $13,519.50.  Under a flat fee structure offered to these particular clients, however, defense counsel state that the amount billed for this work was $7,244.00.

Under this record, the Court finds that a sanction against Plaintiff's counsel in the amount of $2,000.00 is appropriate and sufficient to deter repetition of the conduct through which counsel violated Rule 11.  The summary judgment motion in question was brought on behalf of five Defendants, so the strict *pro rata* share of the attorney fees attributable to Defendant Damerow would be 20 percent of $7,244.00, or $1,448.80.  Yet, the tasks performed by defense counsel were billed at a discounted rate, resulting in a total fee amount of $7,244.00 that strikes the Court as quite low for a summary judgment motion brought by five Defendants under a discovery record that was fairly voluminous.

Accordingly, the Court finds it appropriate to impose sanctions in excess of a strict *pro rata* formula, in order to ensure that Plaintiff's counsel is sufficiently deterred from engaging in such conduct in the future. Specifically, the Court elects to impose sanctions in the amount of $2,000 in the hope and expectation that Plaintiff's counsel will refrain in the future from filing scattershot complaints that name a wide swath of individuals as defendants while "provid[ing] little or no guidance in ascertaining the precise grounds upon which each of these individual Defendants could be held liable." (6/3/2009 Order at 1 n.1.) This is not the first case in which counsel has filed such a pleading with this Court, but the Court hopes — and emphatically expects — that it will be the last.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED pursuant to Fed. R. Civ. P. 11(c) that, within ***fourteen (14) days*** of the date of this order, Plaintiff's counsel shall pay a sanction in the amount of **$2,000.00** to Defendant Karen Damerow and her counsel.

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated: April 19, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther  
Case Manager

3